IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PITT COUNTY MEMORIAL HOSPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SHERIF ANTOUN PHILIPS, M.D., <br><br> Defendant. | Superior Court Case No. <u>CV0478-18</u> <br><br> **DECISION AND ORDER** <br> **re** <br> **MOTION FOR JUDICIAL** <br> **NOTICE AND** <br> **SUMMARY JUDGMENT** |

Plaintiff Pitt County Memorial Hospital, Inc. ("PCMH") asks the Court to apply the full faith and credit clause and allow enforcement of a North Carolina Judgment against Defendant Sherif A. Philips, M.D.[1] Finding that the North Carolina Judgment is final and properly certified and therefore entitled to full faith and credit, the Court GRANTS summary judgment on PCMH's claims.

## I.  UNDISPUTED FACTS

1.  In *Sherif A. Philips, M.D. v. Pitt County Mem'l Hosp., Inc., et al.*, No. 09-CVS-2652, the General Court of Justice, Superior Court Division of County of Pitt, North Carolina, issued a Judgment in PCMH's favor for $457,335.70 plus post-judgment interest from July 17, 2014 until satisfied. *See* Pl.'s Decl. Atty. Jay C. Salsman, Ex. A (July 25, 2018) (certified copy of Judgment).

---

[1] Daniel Berman, Esq., of Berman O'Connor & Mann represents PCMH. Dr. Philips appears pro se.

ORIGINAL

2.      Philips subsequently appealed but the North Carolina Supreme Court dismissed his appeal. Pl.'s Req. Jud. Notice of Order to Dismiss Philips' Pet. Discretionary Review, Ex. A (Oct. 16, 2018).[2]

3.      Philips also filed claims against PCMH in federal court, however, those claims have been dismissed with prejudice. *See* Dec. and Order re Mot. Dismiss (Sept. 7, 2018).

4.      PCMH seeks to enforce the North Carolina Judgment in Guam.[3]

## II.    LAW AND DISCUSSION

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). However,

---

[2] The dismissal order is also available at www.nccourts.org under *Philips v. Pitt Cty. Mem'l Hosp., Inc., et al.*, No. 368P12-5.

[3] Philips apparently seeks to "transfer" this case to the District Court of Guam. Transfer to Guam District Ct. (Dec. 28, 2018). The Court is unaware of any applicable legal mechanism that divests it of jurisdiction or prevents it from issuing this Decision and Order.

"the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7 (citing *Anderson*, 477 U.S. at 249).

The central question here concerns whether Philips has demonstrated any genuine issue of material fact to undermine the finality or authenticity of the North Carolina Judgment so as to preclude application of the Full Faith and Credit Clause of the U.S. Constitution. Under this clause, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceeding of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1. Under federal law and Guam law, 28 USC § 1738 and 6 GCA § 4214, judgments from other state courts must be given the same credit and effect on Guam as they would have in the place where they were made. To be given the same credit and effect, the decision must be properly authenticated and deemed a final judgment under the local law of the state of rendition. *See Stahl v. Stahl*, 2013 Guam 26 ¶ 18-19.

The Court must therefore first determine whether the North Carolina Judgment was a final judgment under North Carolina law. According to the Court of Appeals of North Carolina, for appeal purposes, "a 'final judgment' is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Harris & Hilton, P.A. v. Rassette*, 798 S.E.2d 154, 156 (N.C. Ct. App. 2017); *see also* N.C.G.S. 1A-1, 54. Judgments are enforceable in North Carolina absent an appeal or order of stay. *See* N.C.G.S. 1A-1, 62.

ORIGINAL

Philips appealed the North Carolina Judgment but the Supreme Court of North Carolina has dismissed his appellate efforts. With no appeal or order of stay pending, the North Carolina Judgment is enforceable in North Carolina. *See generally* N.C.G.S. 1A-1, 62 ("no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of the time provided in the controlling statute or rule of appellate procedure for giving notice of appeal from the judgment...."). Accordingly, this Court finds the North Carolina Judgment to be final for purposes of execution in the state of rendition and therefore considers it to be final in Guam.

Before giving the North Carolina Judgment full credit and effect, however, the judgment must be authenticated: "records and judicial proceedings of any such State...shall be proved or admitted in other courts...by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that said attestation is in proper form." 28 USC § 1738. PCMH meets these requirements in submitting a certified copy of the North Carolina Judgment. The submitted judgment includes the clerk's attestation and the judge's certification on the second page of the decision. *Id*. This Court is satisfied that the North Carolina Judgment satisfies the authentication requirements of 28 USC § 1738.

Despite finding the North Carolina Judgment to be final and authenticated, this Court must still grapple with Philips' continued assertions that it is invalid. *See Stahl*, 2013 Guam 26 ¶ 27 (burden on challenger to show invalidity of judgment). His reasons vary but include a fraud on the court and equal protection and due process violations. *See* Mot. Clarification and Mot. Recon. at 2 (Oct. 10, 2018). However, in reviewing the record, the North Carolina courts (and federal courts) entertained these same arguments and still found in favor of PCMH, raising the



ORIGINAL

presumption that his arguments were without merit. *Id.* Because those arguments failed before the courts with jurisdiction to review such claims, the Court finds that Philips' arguments do not create genuine issues of material fact on the central question of whether a final and authenticated judgment exists.

Finding the North Carolina Judgment to be final, valid, and authenticated, the Court gives it full faith and credit. Moreover, because PCMH has requested the Court to take judicial notice of the North Carolina Judgment and has provided the necessary information, the Court takes judicial notice of the truth of the facts in the North Carolina Judgment. *See* Guam R. Evid. 201(d).

## III.    CONCLUSION

The Court takes judicial notice of the authenticated and final North Carolina Judgment and GRANTS Pitt County Hospital's Motion for Summary Judgment.

SO ORDERED this 23d day of January 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Date:

Deputy Clerk, Superior Court of Guam

ORIGINAL